IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EARNEST MEADOWS,**

Petitioner/Defendant,

vs.                                     Civil No. 13-1128-DRH
                                        Criminal No. 11-30189-GPM
**UNITED STATES,**

Respondent/Plaintiff.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner/defendant Earnest Meadows' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1] Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Meadows' petition shows that it must be dismissed.

On December 15, 2011, Meadows entered into a plea agreement and entered a plea of guilty to the sole count of the indictment, which charged Meadows with

---

[1] The Court notes that pursuant to Administrative Order No. 154, this case was reassigned to the undersigned Chief Judge, in light of District Judge G. Patrick Murphy's retirement.

possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Meadows' presentence investigation report (PSR) calculated a total offense level of 31 and a criminal history category of II, resulting in a guideline range of imprisonment of 121 to 151 months. However, in accordance with the plea agreement, defendant was assessed as having a total offense level of 29 and a criminal history category of II. Thus, Meadows had a guideline sentencing range of 97-121 months. Also pursuant to the plea agreement, the government moved for a downward departure of 48 months, and thus a total sentence of 73 months. On March 26, 2012, District Judge Murphy granted the downward departure and imposed a total sentence of 73 months imprisonment (Cr. Doc. 24). On April 2, 2012, the sentencing court entered judgment reflecting the same (Cr. Doc. 26). Meadows did not appeal his criminal judgment.

On November 1, 2013, Meadows filed the instant § 2255 motion (Doc. 1). The government has not been ordered to file a response to Meadows' § 2255 motion. Pursuant to 28 U.S.C. § 2255 and Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, the Court has reviewed Meadows' filing to determine whether he might be entitled to relief. For procedural reasons, the Court determines that he is not. 28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the sentencing court entered judgment on April 2, 2012.

Meadows did not appeal his conviction. Thus, it became final 14 days after it was entered and the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f)(1); FED. R. APP. P. 4(b)(1)(A). As Meadows filed his § 2255 motion in November 2013, it is clearly untimely.

The § 2255 limitations period can be tolled in two ways: equitable estoppel or equitable tolling. *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). Equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing suit. *Id.* Equitable tolling applies where a petitioner has diligently pursued his rights but some "extraordinary circumstance" prevented his timely filing. *Holland v. Florida,* —— U.S. ——, 130 S. Ct. 2549, 2560–62 (2010) (construing § 2244(d)'s similar one-year limitation for § 2254 petitions); *see Clarke,* 703 F.3d at 1101. The Court's review of Meadows' file demonstrates neither doctrine applies.

The latter doctrine, equitable tolling, coincides with § 2255(f)(4), which states the one year limitation period shall run from, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Meadows recognizes that he filed his § 2255 motion more than one year after his judgment became final and thus attempts to rely upon § 2255(f)(4). Meadows cites to a report he received on September 24, 2013, as the result of a Freedom of Information/Privacy Act request. This report seemingly describes the traffic stop which lead to Meadows' eventual arrest, prosecution, and judgment (Doc. 1, pp. 12-13). Meadows argues that this

report demonstrates that the search of his vehicle violated his Fourth Amendment rights in light of *Arizona v. Gant,* 556 U.S. 332 (2009). However, the Court finds that it does not follow that because Meadows received this report on September 24, 2013, his one year limitation period began as of that date. Meadows was obviously aware of the circumstances surrounding his arrest prior to his plea and he did not choose to challenge the submission of the evidence against him. Notably, the stipulation of facts signed by Meadows on December 15, 2011, details the factual circumstances surrounding his arrest (Doc. 18). Meadows' receipt of this report does not allow his limitation period to run later than one year after his judgment became final. Moreover, it does not appear to this Court that the report upon which Meadows relies demonstrates that his Fourth Amendment rights were violated in light of *Gant*. Thus, his petition is summarily dismissed.

Additionally, Meadows moves for appointment of counsel (Doc. 2). The decision of whether to appoint counsel rests in the discretion of the district court, unless the denial of counsel would result in fundamental unfairness impinging on the petitioner's due process rights. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). Furthermore, the Seventh Circuit has noted that "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States,* 961 F.2d

1339, 1343 (7th Cir. 1992) (citing *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989)). Meadows has not given this Court any reason to believe that the interests of justice require the unusual step of appointing counsel for his § 2255 motion. Accordingly, Meadows' request for counsel is denied.

Finally, Meadows moves this Court to compel the government to admit or deny that his Fourth Amendment rights were violated (Doc. 5). For the reasons stated above, Meadows' motion is denied.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Reasonable jurists would not debate that the petition does not state a valid claim of the denial of a constitutional right, nor would they debate that the petition is untimely. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, petitioner Earnest Meadows' motion pursuant to 28 U.S.C. § 2255 is **DENIED**. Meadows' motions to appoint counsel (Doc. 2) and compel (Doc. 5) are also **DENIED**. This action is **DISMISSED with prejudice**, and judgment shall enter accordingly.

**IT IS SO ORDERED.**

Signed this 19th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.19 18:07:50 -06'00'

**Chief Judge**
**U.S. District Court**